UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | **CASE NUMBERS** |
| | : | |
| BU YONG KIM, | : | BANKRUPTCY CASE |
| | : | 19-62423-LRC |
| Debtor. | : | |
| | : | |
| WILLIAM J. LAYNG, JR. | : | ADV. PRO. NO. |
| Chapter 7 Trustee for the Estate of | : | 20-6024-LRC |
| Bu Yong Kim, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | IN PROCEEDINGS |
| UNITED WHOLESALE MORTGAGE | : | UNDER CHAPTER OF |
| and NATIONSTAR MORTGAGE, LLC | : | THE BANKRUPTCY |
| d/b/a MR. COOPER, | : | CODE |
| | : | |
| Defendants. | : | |

## REPLY TO RESPONSE TO MOTION TO DISMISS

COMES NOW United Wholesale Mortgage ("United") and Nationstar Mortgage, LLC d/b/a Mr. Cooper ("Nationstar"), collectively referred to herein as "Defendants" and do hereby file this their Reply to Response to Motion to Dismiss.

## RESPONSE TO ARGUMENT AND CITATION OF AUTHORITY

A. <u>Compliance with O.C.G.A. 44-14-61</u>:

In this action the Court is called on to determine whether the jurat reflected on the signature portion of the Security Deed satisfies the requirements of the Georgia recording statute. While the Trustee selectively edits the signature and witness section of the Security Deed, the actual evidence of the terms of the execution are depicted below:

IN WITNESS WHEREOF, Borrower has signed and sealed this Security Instrument.

_____  12-29-2017
- BORROWER - BU YONG KIM - DATE -

_____  12-29-17
- BORROWER - HANNAH S KIM - DATE -

Signed, sealed and delivered in the presence of:

_____
Unofficial Witness

2

```
0106926464                                                            121710004?
                         [Space Below This Line For Acknowledgment]
_____
STATE OF ___Georgia___
COUNTY OF GWINNETT

This record was attested before me on __12/29/2017__ by BU YONG KIM HANNAH S
KIM, who proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.
___✓___ Personally Known
or
___✓___ Produced Identification
Type and # of ID (last 4 digits) Bu Yong Km #6104 / Hannah S. Km #4947
ID Expiration Date Bu Yong Km 10/21/24 / Hannah S. Km 1/21/19

                                    Notary Public, as Official Witness

                                    GWINNETT COUNTY
                                    STATE OF ___GEORGIA___
                                    My Commission Expires: 10/23/2021


MORTGAGE LOAN ORIGINATOR HOJOON CHUNG
NATIONWIDE MORTGAGE LICENSING SYSTEM AND REGISTRY IDENTIFICATION NUMBER
NMLS # 60078
MORTGAGE LOAN ORIGINATION COMPANY BCE FINANCIAL CORPORATION
NATIONWIDE MORTGAGE LICENSING SYSTEM AND REGISTRY IDENTIFICATION NUMBER
NMLS # 60025

MORTGAGE LOAN ORIGINATION COMPANY (CREDITOR) UNITED WHOLESALE MORTGAGE
NATIONWIDE MORTGAGE LICENSING SYSTEM AND REGISTRY IDENTIFICATION NUMBER
NMLS # 3038
```

Although reflecting each element necessary to satisfy the recording statute, the Trustee asks the Court to disregard the words at issue as meaningless. The Trustee takes a course of studied avoidance to ignore the clear language reflected above which meets the requirements of O.C.G.A. §44-14-61 which provides: *In order to admit deeds to secure debt or bills of sale to secure debt to record, they*

3

*shall be signed by the maker, attested by an officer as provided in Code Section 44-2-15, and attested by one other witness.*

The Trustee rests his entire case on the conclusion "the Security Deed expressly defines the act of the official witness as an acknowledgment, by saying the "Space Below this Line for Acknowledgment". However, the language of the document does not support this conclusion. The words actually used in the pre-preprinted portion of the form does not "define" the language which follows as an "acknowledgment" nor is it referential to the previous version of the Georgia recording statute which permitted the recording of a deed by "acknowledgement". The language of the signature block could not have been intended as an "acknowledgment" as contemplated by the former version of O.C.G.A. 44-14-33. This is true for two reasons: First, to effectuate an "acknowledgement" under the prior Georgia law, there would have had to be a second unofficial witness. The form provides no signature line for such a witness. Second, the language of the jurat does not indicate that the witnesses are appearing to verify a previously executed document; which is the essence of an acknowledgment. By contrast the text appearing before the witness signatures clearly reads "Signed sealed delivered in the

4

presence of:" The Trustee places form entirely before substance where he grabs an out of context word which so clearly contrasts with the actual recital of the witnesses.

The text of the jurat is in fact precisely as mandated by the authority relied on by the Trustee; for instance the reference to Pindar's Georgia Real Estate Law and Procedure §19:63 which admits that the most common form of an attestation "recites that the witness saw the maker sign, or that he signed in their presence". The specific language employed in the Security Deed recites the maker of the Security Deed appeared before the Notary and was "attested to" before the official witness.

The Trustee cites to no specific authority wherein the pre-printed reference to the word "acknowledgment" under these facts would render an otherwise unambiguous attestation invalid. Nor does the Trustee direct the Court to any general rules of interpretation which would support his disjointed argument.

The rules of construction do not support the Trustee's argument. Although the language of the official witness block is unambiguous, to the extent the Trustee contends the pre-printed word "acknowledgement" is to be read in the context of the official witness signature, this does not defeat the assertion that the language of the witness block rendered the Security Deed in recordable form. To the contrary, when

5

construction is necessary, "[c]ourts will always construe an official document or official act so as to give effect to it, if it can be done consistently with the act and the rules of construction. See *Glover v. Cox*, 137 Ga. 684 (1912). ("The point is not that the public or the person interested is concluded by the inference, because aliunde evidence is allowable to show that the deed was not property attested for record, but whether the deed bears on its fact facts authorizing the inference that it was properly executed of record".) Put another way, the mere need for construction does not constitute a patent defect invalidating the recording of an instrument.

The Trustee then muses "Though it is unclear what the notary public was attempting to certify, ultimately, it is irrelevant, because this phrasing does not supply the Security Deed with the missing official witness". (Response pages 11 and 12). A plain reading of the instrument renders the Trustee's conclusion unsupportable. The language recited above could no more clearly reflect the fact that the Security Deed was "signed sealed and delivered in the presence of" the unofficial and official witnesses. This conclusion is further supported by the plain language of the simultaneously executed and recorded Closing Attorney's Affidavit, discussed below. There is no reasonable alternative interpretation to suggest that the instrument was not executed and duly recorded in accordance with Georgia law

6

governing constructive notice. The Trustee's conclusion that the above "does not prove that the notary witnessed the Kims execute the Security Deed" simply ignores the facts of the case. In the end the Trustee cites to no legal authority which renders the language employed in the witnessing portion of the Security Deed as invalid. For these reasons alone, the action must be dismissed.

B. Constructive Notice and the Application of O.C.G.A. §44-2-18:

While the face of the Security Deed reflects full compliance with O.C.G.A. §44-14-61, even assuming arguendo that it does not, the Security Deed was properly recorded pursuant to O.C.G.A. §44-2-18. The Trustee does not dispute that the following instrument was recorded contemporaneously with the Security deed:

0104926464                                                                                                1217166849

## CLOSING ATTORNEY'S AFFIDAVIT

Before the undersigned attesting officer personally appeared the undersigned closing attorney, who, having been first duly sworn according to law, states under oath as follows:

In closing the above loan, but prior to the execution of the Deed to Secure Debt and "Waiver of the Borrower's Rights" by the Borrower(s), I reviewed with and explained to the Borrower(s) the terms and provisions of the Deed to Secure Debt and particularly the provisions thereof authorizing the Lender to sell the secured property by a nonjudicial foreclosure under a power of sale, together with the "Waiver of Borrower's Rights" and informed the Borrower(s) of Borrower's rights under the Constitution of the State of Georgia and the Constitution of the United States to notice and a judicial hearing prior to such foreclosure in the absence of a knowing, intentional and willing contractual waiver by Borrower(s) of Borrower's rights. After said review with and explanation to Borrower(s), Borrower(s) executed the Deed to Secure Debt and "Waiver of Borrower's Rights."

Based on said review with and explanation to the Borrower(s), it is my opinion that Borrower(s) knowingly, intentionally and willingly executed the waiver of Borrower's constitutional rights to notice and judicial hearing prior to any such nonjudicial foreclosure.

Closing Attorney

Sworn to and subscribed before me on ___Dec 29, 2017___

Notary Public

My Commission Expires

Hyeon Kim was the official witness to the Security Deed and we can see from the matching signature above, that he was the witness to the Affidavit. There is also no dispute that Mr. Kim was therefore a "subscribing witness" as contemplated by O.C.G.A. §44-2-18. The case of *Scarver v. Pingora Loan Servicing (In re Lindstrom)*, 608 B.R. 283 (Bankr. N.D. Ga. 2019) relied on by the Trustee is illustrative on this point. In *Lindstrom*, the Court, relying on Black's Law Dictionary

8

found that a "subscribing witness", as "someone who witnesses the signatures on an instrument and signs at the end of the instrument to that effect". Mr. Kim signed on both the Security Deed as having been "in the presence of" the borrowers' execution of the Security Deed, and is the same person who signed the Affidavit. As such, the Affidavit, to the extent it is even necessary, cures whatever defects the Trustee contends exist with the attestation of the Security Deed and thus warrants dismissal of the action.

The decision in *In Re Lindstrom* does not support a finding for the Trustee in this case. In fact the rationale in the *Lindstrom* case relating to the application of O.C.G.A. 44-2-18 strongly suggests a ruling in favor of the Movant.

The facts in *Lindstrom* were materially different from those in this action. In *Lindstrom* the security deed was signed by the borrower on August 10, 2015, and an unofficial witness on the same date. Thereafter the instrument includes a "notary acknowledgement" dated August 15, 2015 signed by Elliott Smith ("Smith"). A Closing Attorney's Affidavit signed by Smith was also contemporaneously recorded with the security deed. In addition, Smith signed the Rider/Waiver of Borrower's Rights which was incorporated by reference in to the security deed. The borrower later filed a petition in bankruptcy and an adversary action was initiated alleging that

9

the security deed was defective due to a lack of signature of an attesting witness and therefore its recordation failed to provide constructive notice to subsequent bona fide purchasers, making it avoidable under 11 U.S.C. §544(a)(3).

In considering whether Smith's execution of the closing attorney's affidavit satisfied the requirements of O.C.G.A. 44-12-18, the Court considers the opinion relied on by the Movant; *Gordon v. Terrace Mortgage Co. (In re Kim)*, 571 F. 3d 1342 (2009). In that case the Court concluded that the language in the closing attorney's affidavit was sufficient, along with the signature of the closing attorney, to satisfy the requirements of O.C.G.A. §44-2-18. In *Kim*, the affidavit contained the following phrases: "I reviewed with and explained to the Borrower(s) the terms and provisions" . . . and "after said review with and explanation to Borrower(s), Borrower(s) executed the Security Deed and 'Waiver of Borrower's Rights". The language in the closing attorney's affidavit in the present case is exactly the same as in *Kim*.

The Court in *Lindstrom* however denied the application of O.C.G.A. §44-2-18 for two reasons; neither of which apply to the present action. First, the Court distinguishes the language in the closing attorney's affidavit. The language of the affidavit in the Kim decision is recited above. By contrast, the affidavit in Lindstrom

10

recited that "I or a representative of the firm reviewed with and explained to the borrower(s) . . . After said review with and explanation to borrowers(s), Borrower(s) executed the Security Deed and Acknowledgement and Waiver of Borrower's Rights". Based on the "or a representative of the firm" language the Court concluded that was " . . . plausible that another representative of the firm and not Mr. Smith, explained the terms of the Security Deed and the Rider to the Borrower and witnessed the execution of the Security Deed". No such language is found in the Closing Attorney's Affidavit in the present action. Second, the Court found that the attestation page lacks Smith's signature entirely. Again, this fact distinguishes the present case which includes the closing attorney's signature as having witnessed the execution of the Security Deed. Based upon the facts as admitted, to the extent that the Court does not find that the Security Deed meets the requirements of O.C.G.A. §44-4-61, that it is nonetheless deemed duly recorded in accordance with O.C.G.A. §44-2-18 and as supported by the 11th Circuit's ruling in *Kim*.

11

Respectfully submitted this 19th day of November, 2020.

WEISSMAN PC

3500 Lenox Road, 4th Floor
One Alliance Center
Atlanta, Georgia 30326
404-926-4500
jeffs@weissman.law

*JEFFREY H. SCHNEIDER*
Jeffrey H. Schneider
Georgia Bar No. 629545

*Counsel for Defendants*

5453.997