UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | **CASE NUMBERS** |
| | : | |
| BU YONG KIM, | : | BANKRUPTCY CASE |
| | : | 19-62423-LRC |
| Debtor. | : | |
| | : | |
| WILLIAM J. LAYNG, JR. | : | ADV. PRO. NO. |
| Chapter 7 Trustee for the Estate of | : | 20-6024-LRC |
| Bu Yong Kim, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | IN PROCEEDINGS |
| UNITED WHOLESALE MORTGAGE | : | UNDER CHAPTER OF |
| and NATIONSTAR MORTGAGE, LLC | : | THE BANKRUPTCY |
| d/b/a MR. COOPER, | : | CODE |
| | : | |
| Defendants. | : | |
| | : | |

### **DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO**

### **DISMISS**

COMES NOW United Wholesale Mortgage ("United") and Nationstar Mortgage, LLC d/b/a Mr. Cooper ("Nationstar"), collectively referred to herein as

"Defendants" and do hereby file this their Supplemental Brief in Support of the Motion to Dismiss.

## SUPPLEMENTAL ARGUMENT AND CITATION OF AUTHORITY

Movants incorporate their argument as set forth in the initial Motion, their Reply Brief, and do set forth this supplemental argument so as to address the specific issue raised by the Court as it relates to the decision in *In re Lindstrom*, 621 B.R. 42.

The matter before this Court is the Trustee's claim that it came in to title to the subject property as a bona fide purchaser, free of the claims asserted in the Security Deed 11 U.S.C. §544(a)(3). The basis for the Trustee's argument is that the Security Deed was not executed in compliance with the requirements of O.C.G.A. §44-14-61 which provides: *In order to admit deeds to secure debt or bills of sale to secure debt to record, they shall be signed by the maker, attested by an officer as provided in Code Section 44-2-15, and attested by one other witness.*

A. *The Security Deed Satisfies the Requirements of O.C.G.A. §44-14-61.*

A review of the jurat on the face of the Security Deed demonstrates that the requirements of O.C.G.A. §44-14-61 have been met. The Borrowers executed the

instrument which recites that it was "signed sealed and delivered in the presence of:" followed by the witness blocks, one official, and one unofficial witness.

[Image of signature block showing:
IN WITNESS WHEREOF, Borrower has signed and sealed this Security Instrument.
- BORROWER - BU YONG KIM - DATE - 12-29-2017
- BORROWER - HANNAH S KIM - DATE - 12-29-17
Signed, sealed and delivered in the presence of:
Unofficial Witness

STATE OF Georgia
COUNTY OF GWINNETT
This record was attested before me on 12-29-2017 by BU YONG KIM HANNAH S KIM, who proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.
Notary Public, as Official Witness

MORTGAGE LOAN ORIGINATOR HOJOON CHUNG
NATIONWIDE MORTGAGE LICENSING SYSTEM AND REGISTRY IDENTIFICATION NUMBER
NMLS # 60078
MORTGAGE LOAN ORIGINATION COMPANY BCE FINANCIAL CORPORATION
NATIONWIDE MORTGAGE LICENSING SYSTEM AND REGISTRY IDENTIFICATION NUMBER
NMLS # 60025
MORTGAGE LOAN ORIGINATION COMPANY (CREDITOR) UNITED WHOLESALE MORTGAGE
NATIONWIDE MORTGAGE LICENSING SYSTEM AND REGISTRY IDENTIFICATION NUMBER
NMLS # 3038]

Based upon the above language, the deed was executed in recordable form and the Trustee's claims fail.

The Trustee argues that "the Security Deed expressly defines the act of the official witness as an acknowledgment, by saying the "Space Below this Line for Acknowledgment". However, the language of the document does not support this conclusion. The words used in the pre-preprinted portion of the form do not "define" the language which follows as an "acknowledgment" nor is it referential to the previous version of the Georgia recording statute which permitted the recording of a deed by "acknowledgement". The signature block itself does not include the term "acknowledgement". The language of the signature block could not have been intended as an "acknowledgment" as contemplated by the former version of O.C.G.A. §44-14-33. This is true for two reasons: First, to effectuate an "acknowledgement" under the prior Georgia law, there would have had to be a second unofficial witness. The form provides no signature line for such a witness. Second, the language of the jurat does not indicate that the witnesses are appearing to verify a previously executed document; which is the essence of an acknowledgment. By contrast the text appearing before the witness signatures clearly reads "Signed sealed delivered in the presence of:" The Trustee places form entirely before substance where he grabs an out of context word which so clearly contrasts with the actual recital of the witnesses. As discussed below, the law does

4

not mandate "perfection" in all forms and the meaning of the jurat is apparent on its face as an attestation.

B. *Assuming Arguendo the Jurat constitutes an Acknowledgment, O.C.G.A. §44-2-18 Applies.*

Even if the Court were to determine that the Security Deed was not executed in the form required by O.C.G.A. §44-14-33 as a resulted of being a prohibited "acknowledgment", the savings provisions of O.C.G.A. §44-2-18 apply to defeat a claim by the Trustee that it took "without notice" of the instrument.

The United States District Court in *Pingora Loan Servicing, LLC v. Scarver* 621 B.R. 42 (2020) (*In Re Lindstrom*), recently addressed the issue of whether O.C.G.A. §44-2-18 applied where there was an improper acknowledgement. In considering the application of the statute, the Court first determined the question of whether the statute applied. In brief, the trustee asserted that the savings statute did not apply to deeds executed by "acknowledgement" given that the recording statute had been previously amended to remove witnesses by "acknowledgement". Both the Bankruptcy Judge and the District Court agreed that the statute did apply, concluding "The Remedial Statute thus allowed a party to correct an error in either attestation

5

or acknowledgment." Based upon this conclusion, in the event the Court concludes that the jurat in the present action constitutes a prohibited "acknowledgement", it is subject to saving under the Remedial Statute.

The Court next examined prong two of the analysis to determine whether the Affidavit satisfies the requirement that there be an "affidavit of a subscribing witness . . . testifying to the execution of the deed and its attestation according to law". The District Court's analysis of the definition of "subscribing witness" concludes that a subscribing witness is the same as an attesting witness, meaning the subscribing witness must witness the actual execution of a paper, and subscribe one's name as a witness to that fact". By way of illustration, the District Court refers to the decision in *In re Kim* (571 F.3d at 1344). In that case, the Affidavit recited: *In closing the above loan, but prior to the execution of the Security Deed and "Waiver of Borrower's Rights" by the Borrower(s), I reviewed with and explained to the Borrower(s) the terms and provisions thereof . . . After said review with and explanation to Borrower(s), Borrower(s) executed the Security Deed and "Waiver of Borrower's Rights".* Although the affidavit in *Lindstrom* was substantially similar to that in *In re Kim*, the Bankruptcy Court in *Lindstrom* distinguished the affidavit, emphasizing that the language included the phrase; "I **or a representative**

6

**of the firm** reviewed with and explained to the Borrower(s)" (emphasis added). Based on this distinction, the Bankruptcy Court concluded that this language provided "enough space that someone else from the firm could have explained the Security Deed and then witnessed the execution". The District Court rejected this interpretation, emphasizing in large part the guidance provided by the 11th Circuit, concluding that the Remedial Statute's reference to "substantial compliance" was all that was necessary.

Applied to the facts in this case, it is clear that the Waiver of Borrower's Rights, which is incorporated in to the Security Deed as a Rider, "saves" the Security Deed for purposes of constructive notice, to the extent such is necessary at all. All three pages of the Waiver of Borrowers Rights document are recorded contemporaneously with the Security Deed, recite virtually identical language to that found in *In re Kim*, and is plainly signed by Hyeon Kim, who was the official witness to the execution of the Security Deed. (Attached hereto as Addendum A.)

## Conclusion

While the Trustee advocates that he is an agent of "perfection", this is not the legal standard. The law, including the recent decision in *Lindstrom* does not

mandate "perfection" and strongly recognizes the legal significance of having a remedial statute and for substantial compliance to be sufficient to protect the interest of a secured lender. While the facts of the security instrument in this case do not necessitate remedial measures, to the extent the Trustee contends otherwise, the remedial statute plainly applies.

Based upon the aforesaid reasons, the Defendants respectfully pray that the Court grant their Motion and dismiss the action.

Respectfully submitted this 7th day of December, 2020.

WEISSMAN PC

3500 Lenox Road, 4th Floor
One Alliance Center
Atlanta, Georgia 30326
404-926-4500
jeffs@weissman.law

*JEFFREY H. SCHNEIDER*
Jeffrey H. Schneider
Georgia Bar No. 629545

*Counsel for Defendants*

5453.997

# ADDENDUM A

BK55638 PG0055

After Recording Return To:
UNITED SHORE FINANCIAL
SERVICES, LLC
1414 EAST MAPLE RD
TROY, MI 48083
ATTENTION: POST CLOSING MANAGER

Prepared By:
PORCHSE WEITHERSPOON
UNITED WHOLESALE MORTGAGE
1414 EAST MAPLE RD
TROY, MI 48083
(800) 981-8898

## WAIVER OF BORROWER'S RIGHTS

RTM
Loan #: 1217166849
Serv. #: 0104926464
MIN: 100032412171668491

GRANTOR: BU YONG KIM AND HANNAH S KIM, HUSBAND AND WIFE

LENDER: UNITED WHOLESALE MORTGAGE

DATE OF SECURITY DEED: DECEMBER 29, 2017

BY EXECUTION OF THIS PARAGRAPH, GRANTOR EXPRESSLY: (1) ACKNOWLEDGES THE RIGHT TO ACCELERATE THE DEBT AND THE POWER OF ATTORNEY GIVEN HEREIN TO LENDER TO SELL THE PREMISES BY NONJUDICIAL FORECLOSURE UPON DEFAULT BY GRANTOR WITHOUT ANY JUDICIAL HEARING AND WITHOUT ANY NOTICE OTHER THAN SUCH NOTICE AS IS REQUIRED TO BE GIVEN UNDER THE PROVISIONS HEREOF; (2) WAIVES ANY AND ALL RIGHTS WHICH GRANTOR MAY HAVE UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES, THE VARIOUS PROVISIONS OF THE CONSTITUTION FOR THE SEVERAL STATES, OR BY REASON OF ANY OTHER APPLICABLE LAW TO NOTICE AND TO JUDICIAL HEARING PRIOR TO THE EXERCISE BY LENDER OF ANY RIGHT OR REMEDY HEREIN PROVIDED TO LENDER, EXCEPT SUCH NOTICE AS IS SPECIFICALLY REQUIRED TO BE PROVIDED HEREOF; (3) ACKNOWLEDGES THAT GRANTOR HAS READ THIS DEED AND SPECIFICALLY THIS PARAGRAPH AND ANY AND ALL QUESTIONS REGARDING THE LEGAL EFFECT OF SAID DEED AND ITS PROVISIONS HAVE BEEN EXPLAINED FULLY TO GRANTOR AND GRANTOR HAS BEEN AFFORDED AN OPPORTUNITY TO CONSULT WITH COUNSEL OF GRANTOR'S CHOICE PRIOR TO EXECUTING THIS DEED; (4) ACKNOWLEDGES THAT ALL WAIVERS OF THE AFORESAID RIGHTS OF GRANTOR HAVE BEEN MADE KNOWINGLY, INTENTIONALLY AND WILLINGLY BY GRANTOR AS PART OF A BARGAINED FOR LOAN TRANSACTION; AND (5) AGREES THAT THE PROVISIONS HEREOF ARE INCORPORATED INTO AND MADE A PART OF THE SECURITY DEED.

1009.36

Page 1 of 3



BK55638 PG0056

0104925464

READ AND AGREED BY GRANTOR:

_Buyong_ . 12-19-2017
- BORROWER - BU YONG KIM - DATE -

_Hanh co. Ki_ 12-29-17
- BORROWER - HANNAH S KIM - DATE -

Signed, sealed and delivered in the presence of:

_[signature]_
Unofficial Witness

_[signature]_
Notary Public

My Commission Expires: _____

[Notary Seal: SI HYEON KIM, Commission Expires 08-23-20__, NOTARY, GWINNETT COUNTY, GEORGIA]

1009.36

Page 2 of 3

BK55638 PG0057

0104926464                                                                                                                         1217166849

## CLOSING ATTORNEY'S AFFIDAVIT

Before the undersigned attesting officer personally appeared the undersigned closing attorney, who, having been first duly sworn according to law, states under oath as follows:

In closing the above loan, but prior to the execution of the Deed to Secure Debt and "Waiver of the Borrower's Rights" by the Borrower(s), I reviewed with and explained to the Borrower(s) the terms and provisions of the Deed to Secure Debt and particularly the provisions thereof authorizing the Lender to sell the secured property by a nonjudicial foreclosure under a power of sale, together with the "Waiver of Borrower's Rights" and informed the Borrower(s) of Borrower's rights under the Constitution of the State of Georgia and the Constitution of the United States to notice and a judicial hearing prior to such foreclosure in the absence of a knowing, intentional and willing contractual waiver by Borrower(s) of Borrower's rights. After said review with and explanation to Borrower(s), Borrower(s) executed the Deed to Secure Debt and "Waiver of Borrower's Rights."

Based on said review with and explanation to the Borrower(s), it is my opinion that Borrower(s) knowingly, intentionally and willingly executed the waiver of Borrower's constitutional rights to notice and judicial hearing prior to any such nonjudicial foreclosure.

Closing Attorney

Sworn to and subscribed before me on ___Dec 29, 2017___

Notary Public

My Commission Expires



1009.36       Page 3 of 3