**IT IS ORDERED as set forth below:**



**Date: March 10, 2023**

_____
**Lisa Ritchey Craig**
**U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | : | CASE NUMBERS: |
| | : | |
| **BU YONG KIM,** | : | **19-62423-LRC** |
| | : | |
| Debtor. | : | CHAPTER 7 |
| _____ | : | _____ |
| **WILLIAM J. LAYNG, JR., Chapter 7** | : | **ADVERSARY PROCEEDING NO.:** |
| Trustee for The Estate of BU YONG | : | |
| KIM, | : | **20-6024-LRC** |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **UNITED WHOLESALE MORTGAGE,** | : | |
| and **NATIONSTAR MORTGAGE, LLC,** | : | |
| d/b/a **MR. COOPER,** | : | |
| Defendants. | : | |
| _____ | : | |

## ORDER

Before the Court is a *Motion to Dismiss* (Doc. 4) (the "Motion") filed on behalf of

1

United Wholesale Mortgage and Nationstar Mortgage, LLC d/b/a Mr. Cooper (collectively, the "Defendants"). The Motion seeks dismissal under Federal Rule of Civil Procedure 12(b)(6) of a complaint (Doc. 1) (the "Complaint") filed by the Chapter 7 Trustee ("Plaintiff") against the Defendants.

## RELEVANT FACTS

Debtor filed a voluntary Chapter 7 bankruptcy petition on August 7, 2019 (the "Petition Date"). (Case No. 19-62423). On the Petition Date and jointly with his wife, Debtor owned real property located at 51 Ludwick Lane, Lawrenceville, GA 30046 (the "Property"). On December 29, 2017, Debtor and his wife executed a security deed in favor of Mortgage Electronic Registration Systems, Inc. as nominee for United Wholesale Mortgage (the "Security Deed"). Complaint at ¶ 11; Doc. 6 at 3. The Security Deed was recorded in the real property records of Gwinnett County, Georgia, on January 8, 2018. *Id*. The Security Deed contains the signatures of Debtor, Debtor's wife, and an unofficial witness. Complaint at ¶ 20.

In pertinent part, the Security Deed contains a clause in which a notary public (the "Notary") signs to the statement, "[t]his record was attested before me on 12/29/2017 by [Debtor and Debtor's wife], who proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me" (the "Clause"). Complaint at ¶ 21. Just below this text is a notation that Debtor and his wife produced identification to the Notary, and the Notary's signature and seal follow accordingly. *Id*. All this text appears below the language "Space Below This Line [f]or Acknowledgement." *Id*. The function of the Clause – be it acknowledgement, attestation, or neither – is at issue here.

2

**LEGAL STANDARD**

Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) under which the Court may dismiss a complaint if it fails "to state a claim upon which relief can be granted." *See* Fed. R. Bankr. P. 7012 (incorporating Fed. R. Civ. P. 12(b)(6)). Under this standard, "to survive a motion to dismiss, a complaint must … contain factual allegations that are 'enough to raise a right to relief above the speculative level.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As explained herein, Plaintiff states a claim, so the Motion must be denied.

**DISCUSSION**

Plaintiff contends that the Security Deed is patently defective, arguing that it lacks the proper attestation required by the Recording Statute. Complaint at ¶ 16. In such a case, the Security Deed would not provide actual or constructive notice to Plaintiff as a hypothetical bona fide purchaser for value and would be avoidable pursuant to 11 U.S.C. § 544(a)(3). *Id*. at ¶ 17. Indeed, "[i]f a security deed is not attested by an official witness, then it is patently defective, does not provide constructive notice to a bona fide purchaser even if recorded, and may be avoided by a chapter 7 trustee." *In re Grier*, 2022 Bankr. LEXIS 2757 at *6 (Bankr. N.D. Ga. 2022) (citations omitted). Therefore, ruling on the Motion necessarily requires consideration of the Security Deed itself, and neither party contests the validity of such, as each attaches the same to both the Complaint and the Motion.

Because Georgia law makes clear that deeds must be attested by an official witness

3

to be eligible for recordation,[1] the Clause's function – whether it be an acknowledgement, attestation, or neither – is critical. Acknowledgment "is 'the act of a grantor in going before some competent officer and declaring the paper to be his deed.' To prove an acknowledgment, 'the certificate of the officer that it has been made' must be added to the deed." *In re Lindstrom*, 30 F.4th 1086, 1090 (11th Cir. 2022) (citations omitted). But attestation is "the act of witnessing the actual execution of paper and subscribing one's name as a witness to that fact." *Id*. (citations omitted). Before it was amended in 2015, Georgia law allowed for an official witness's attestation *or* acknowledgement. Since the Security Deed was executed in 2017, an official witness's acknowledgement alone would not suffice.

Plaintiff attacks the recordation of the Security Deed on grounds that it was "not attested by an official witness," and the Court agrees. Complaint at ¶ 16. It is the Court's role to determine whether ambiguity in a deed exists. *DOT v. Meadow Trace, Inc.*, 617 S.E.2d 246, 248 (Ga. Ct. App. 2005) *affirmed* 631 S.E.2d 359 (Ga. 2006). Notably, "[a]mbiguity exists when the language may be fairly understood in more than one way," but here, because the language cannot be understood in any way, the Court finds it cannot be an attestation. *Caswell v. Anderson*, 527 S.E.2d 582, 584 (Ga. Ct. App. 2000). The Notary signed his name to the fact that "[t]his record was attested before [him] … by [Debtor and Debtor's wife]." While it is true that "there are no specific words or precise

---

[1] O.C.G.A. § 44-14-61 (the "Recording Statute") provides that "[i]n order to admit deeds to secure debt … to record, they shall be signed by the maker, attested by an officer as provided in Code Section 44-2-15, and attested by one other witness." One such officer is a notary public. *See* O.C.G.A. § 44-2-15.

4

form required" for attestation, the Clause itself is meaningless.[2] *In re Simpson*, 544 B.R. 913, 919 (Bankr. N.D. Ga. 2016). The passive use of the term of art "was attested" places Debtor and his wife in the positions of witnesses to their own signatures.[3] Of course, this cannot be.[4] The Clause means nothing. Thus, the Court cannot find that the Clause serves as a proper attestation in accordance with the Recording Statute.

In the alternative, Defendants argue that the Complaint ought to be dismissed because the Security Deed's contemporaneously recorded waiver of borrowers' rights (the "Waiver") and the closing attorney's affidavit (the "Affidavit") put Plaintiff on constructive notice of the Security Deed. But O.C.G.A. § 44-2-8 (the "Remedial Statute") also offers Defendants no reprieve. The Remedial Statute provides:

> If a deed is neither attested by nor acknowledged before one of the officers named in Code Section 44-2-15, it may be recorded upon the affidavit of a subscribing witness, which affidavit shall be made before any one of the officers named in Code Section 44-2-15 and shall testify to the execution of the deed and its attestation according to law. A substantial compliance with the requirements of this Code section shall be held sufficient in the absence of all suspicion of fraud.

Having found that the Security Deed was neither acknowledged before nor attested

---

[2] Because the Court finds the Clause meaningless, the Court does not find it to be one of acknowledgement either. Still, the fact that the Clause appears below the phrase "Below this Line [f]or Acknowledgement," does not help Defendant. If it were an acknowledgement, the Remedial Statute (defined *infra*) would be unavailable to the deed that is merely acknowledged before – and not attested by – an official witness. *See In re Lindstrom*, 30 F.4th at 1093, n.2 (noting that deeds that are merely acknowledged enter "limbo – no longer good enough to be recorded, but too good to be saved").

[3] Here, the Court assumes *arguendo* that "this record" refers to the Security Deed. Either the use of the verb "attest" was in error or the Debtor and his wife attested some other document. But if not the Security Deed, what "record" did Debtor and his wife "attest?"

[4] Debtor and his wife signed the Security Deed, but they each did so as co-grantors, not witnesses. To the extent one were to argue that they witnessed each other's signatures, the Court does not believe such act would comport with Georgia law. *See* 2 Ga. Real Estate Law & Procedure § 19:74 (7th ed.) ("Obviously, a signatory party to a deed cannot attest his own signature, and it is generally held that he cannot attest the signature of a co-grantor.") (citing O.C.G.A. § 45-17-8(c)).

5

by an official witness, application of the Remedial Statute would appear appropriate. But such an application would require the Court to ignore the same's two-pronged requirement that a curing affidavit (1) speak to the execution of the deed *and* (2) its attestation "according to law." Assuming without deciding that the Defendants could show that – through his execution of the Affidavit – the Notary testified to the former requirement, that is, to the execution of the Security Deed itself, Defendants could *not* show that the Notary could testify to a nonexistent attestation by an official witness "according to law." In other words, while the Remedial Statute can cure *defective* attestations, it cannot cure that which does not exist.[5] Therefore, the Remedial Statute is unavailable to the Defendants.

Plaintiff, as of the Petition Date, had the powers of a hypothetical bona fide purchaser for value of real property. *See* 11 U.S.C. § 544(a)(3). Georgia's Recording Statute makes clear that "[a] mortgage which is recorded … without due attestation … shall not be held to be notice to subsequent bona fide purchasers." Because it lacks attestation by an official witness – and the attestation's nonexistence renders the Remedial Statute unavailable to Defendants – the Security Deed provides no notice to a hypothetical bona fide purchaser of real property. Plaintiff cannot be charged with notice of the Security Deed and therefore, he can take his interest in the Property free of it. As Defendants have not shown that the Complaint fails to state a claim,

---

[5] This comports with the Circuit's guiding note in *In re Kim*:

> We are not holding that [an] attestation or [a] notary's seal on [an] [a]ffidavit substitutes for the necessary attestation in [a] security [d]eed. We are holding that [the closing attorney's affidavit] meets the requirements under [the Remedial Statute] *to cure a defective attestation* and that [the closing attorney's affidavit] testifies to the execution and the attestation of the [security deed at issue]. 571 F. 3d 1342, 1346, n.7 (11th Cir. 2009) (emphasis added).

6

**IT IS ORDERED** that the Motion is **DENIED.**

**[END OF DOCUMENT]**

**Distribution List**

**Jason L. Pettie**
Taylor English Duma
Suite 200
1600 Parkwood Circle SE
Atlanta, GA 30339

**Michael J. Bargar**
Rountree Leitman Klein & Geer LLC
Century Plaza
2987 Clairmont Road, Suite 350
Atlanta, GA 30329

**United Wholesale Mortgage**
**c/o Jeffrey A. Ishbia**
251 Merrill Street, 2nd Floor
Birmingham, AL 48009

**Nationstar Mortgage, LLC d/b/a Mr. Cooper**
**c/o Corporation Service Co.**
40 Technology Parkway South, Suite 300
Norcross, GA 30092

**Jeffrey H. Schneider**
Weissman PC
4th Floor, One Alliance Center
3500 Lenox Road
Atlanta, GA 30326